IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L. THOMPSON, SR.,
    Plaintiff,

vs.                                                  Case No.: 3:09cv385/MCR/EMT

SUSAN M. NOVOTNY,
ROGER VINSON, and
M. CASEY RODGERS,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff Edward L. Thompson, Sr., proceeding pro se, initiated this action by filing a civil rights complaint under 28 U.S.C. § 1331 (Doc. 1). He also filed a motion to proceed in forma pauperis (Doc. 2), but subsequently paid the filing fee. Due to Thompson's pro se status, this matter was referred to the undersigned for all preliminary orders and the filing of a Report and Recommendation. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). For the reasons stated below, the court recommends that this action be dismissed.

      Thompson contends United States Magistrate Judge Susan M. Novotny, Senior United States District Judge Roger Vinson, and United States District Judge M. Casey Rodgers violated his Fifth Amendment due process rights by denying relief in several cases he has filed in this court, specifically, Case No. 91-30110/WEA, Case No. 93-30309/RV/SMN, and 3:04cv154/MCR/MD, respectively (Doc. 1 at 3–4). Thompson asserts Magistrate Judge Novotny "knowingly, 'with malice'" failed to address Ground Five of his habeas petition in Case No. 91-30110/WEA and, therefore, is guilty of perjury, obstruction of justice, high crimes, and "crimes against morality" (*id.* at 3). He asserts Judge Vinson "knowingly and with malice of forethought [sic]" overlooked a legal and factual issue in Case No. 93-30309/RV/SMN and thereby "further upheld a miscarriage of

justice" (*id.*). As to Judge Rodgers, Thompson asserts that she made a de novo determination "with malice" as to his claim in Case No. 3:04cv154/MCR/MD, and is therefore guilty of perjury and "crimes against morality and everything this court stands for" (*id.*). As relief, Thompson states he should be allowed to "plead anew to the State charges and proceed to trial—like I have attempted to do for the previous 18 years" (*id.* at 4).

Thompson's litigation history in this court was summarized by Magistrate Judge Davis in the Report and Recommendation entered in Case No. 3:04cv154/MCR/MD, which was adopted and incorporated by reference in Judge Rodgers' order dismissing that case:

> In case PCA 91-30110/WEA, the late Judge Winston Arnow adopted the recommendation of Magistrate Judge Susan M. Novotny that plaintiff's habeas petition challenging his 1989 conviction of battery on a law enforcement officer be denied. Judgment was thereafter entered on January 20, 1993. Plaintiff filed an appeal, but both this court and the Eleventh Circuit Court of Appeals denied a certificate of probable cause, and the appeal was dismissed. In the instant case, plaintiff seeks monetary damages and an injunction effectively reversing the judgment denying his habeas petition in case number 91-30110/WEA (*see* doc. 1, p.4).FN1
>
>> FN1. The court notes that plaintiff previously filed a civil rights action that is similar, if not identical to the instant action (*see Thompson v. United States of America*, Case Number 93-30309/RV/SMN). On October 14, 1993 Judge Roger Vinson entered an order adopting the recommendation of Magistrate Judge Susan M. Novotny and dismissed the action as frivolous (*id.*, docs. 5, 6). the dismissal was affirmed by the Eleventh Circuit on November 21, 1994. On July 9, 2001, plaintiff filed a petition in the same case in which he sought reconsideration fo the judgment in case number 91-30110/WEA. On August 21, 2001, Judge Roger Vinson entered an order adopting the recommendation of Magistrate Judge Susan M. Novotny and denied relief (*id.*, docs. 31, 33, 34).

Report and Recommendation, Thompson v. U.S. District Court, Case No. 3:04cv154/MCR/MD (N.D. Fla. May 3, 2004). In Case No. 3:04cv154/MCR/MD, Thompson filed a civil rights complaint claiming that this court violated his due process rights by entering the Report and Recommendation in his habeas case, Case No. 91-30110/WEA, which constituted fraud, perjury, and obstruction of justice. Complaint, Thompson v. U.S. District Court, Case No. 3:04cv154/MCR/MD (N.D. Fla. Apr. 26, 2004). Thompson sought monetary damages and an injunction effectively reversing the

judgment denying his habeas petition in that case. *See id.* Magistrate Judge Davis recommended that the complaint be dismissed as frivolous on the grounds that Plaintiff's claim for damages was barred by the doctrine of sovereign immunity, and to the extent Plaintiff sought reconsideration of the judgment in Case No. PCA-31-30110/WEA, he offered no basis for the court's authority to do so. *Id.* Judge Rodgers adopted the Report and Recommendation and dismissed the case. Order, Thompson v. U.S. District Court, Case No. 3:04cv154/MCR/MD (N.D. Fla. May 11, 2004).

The doctrine of res judicata, or claim preclusion, bars the instant civil rights action. A claim is barred by the doctrine of res judicata if all four of the following elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238–39 (11th Cir. 1999). All four requirements are met here. Thompson's civil rights complaint is nothing more than an attempt to relitigate the claims raised and rejected in Thompson v. U.S. District Court, Case No. 3:04cv154/MCR/MD (N.D. Fla. May 11, 2004). *See e.g.*, O'Berry v. State Attorneys Office, 241 Fed. Appx. 654, 660 (11th Cir. 2007) (dismissal of prior civil rights complaint on limitations grounds was res judicata with respect to second civil rights complaint that arose from same nucleus of operative facts, even though second complaint named different defendants);[1] Knight v. United States, No. 06-CV-6581, 2007 WL 2667455, at *3 (E.D.N.Y Sept. 6, 2007) (dismissal of prior civil action against United States seeking $41 million in property as frivolous was res judicata with respect to second civil action against United States seeking return of $41 million worth of property where claim was based on same transaction as prior civil action). As this court's dismissal of Thompson's prior civil rights complaint in Case No. 3:04cv154/MCR/MD precludes litigation of the instant complaint, the complaint should be dismissed with prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the complaint be **DISMISSED with prejudice** as barred by res judicata.
2. That all pending motions be **DENIED** as moot.
3. That this action be **DISMISSED** and the clerk be directed to close the file

---

[1] The undersigned cites O'Berry only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No.: 3:09cv385/MCR/EMT

**DONE AND ORDERED** this 30th day of October 2009.


                                    /s/ *Elizabeth M. Timothy*
                                    **ELIZABETH M. TIMOTHY**
                                    **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

       **Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**